# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8856 | **DATE** | 2/15/2012 |
| **CASE TITLE** | Leroy Burton, Jr (K-62517) vs. Silver Cross Hospital | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for extension of time to file a second motion for leave to proceed in forma pauperis [7] is denied and all pending motions to proceed in forma pauperis [8], [9] are denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    This matter is before the court on Plaintiff Leroy Burton Jr.'s (Burton) motion for an extension of time to file a second motion for leave to proceed *in forma pauperis*. On January 3, 2012, the court denied Burton's first motion for leave to proceed *in forma pauperis* because Burton's application was deficient, in that Burton failed to provide the court with a copy of his certified prison trust account statement. The court gave Burton an opportunity to provide the court, by January 25, 2012, a properly completed *in forma pauperis* application form, together with a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. In addition, if Burton decided not to submit such information, the court gave Burton until January 25, 2012 to pay the filing fee. The court warned Burton that failure to file the properly completed form, together with a certified copy of his prison trust account statement by January 25, 2012, or failure to pay the filing fee by January 25, 2012 would result in the dismissal of the instant action. The deadline passed, and Burton had neither filed an accurately and properly completed *in forma pauperis* application form with a certified copy of his prison trust account statement nor paid the filing fee. Therefore, on January 27, 2012, the instant action was dismissed.

    Burton indicates in his motion for an extension that he requested copies of his certified prison trust account statement immediately upon learning of the court's January 3, 2012 order, but that he has not yet received them. In addition, in support of his motion, Burton enclosed a copy of an *in forma pauperis* application form (Copy) and a certified copy of his prison trust account statement, and Burton indicated in his motion that he had previously filed these documents in connection with other recently filed cases.

| STATEMENT |
|---|

     In the first instance, the certification provided by Burton does not correspond to the prison trust account statement Burton submitted, in that the certification is dated November 28, 2011, and the prison trust account statement identifies transactions occurring between November 18, 2011 and December 30, 2011. In addition, the Copy reveals that in seeking *in forma pauperis* status, Burton has made material omissions and misrepresentations to the court regarding his financial status. On his first *in forma pauperis* application form, Burton indicated that he receives payment from the institution where he is incarcerated. (12/13/11 IFP Par. 1). On the Copy, Burton omits this information. (1/26/12 IFP Par. 1). In addition, on his first *in forma pauperis* application form, which Burton signed December 4, 2011, Burton indicated that he or someone living at the same residence had received a total of $9,530.00 in the past twelve months, which the court notes included a period of time during which Burton was not incarcerated. (12/13/11 IFP Par. 3). On the Copy, which Burton signed November 17, 2011, Burton indicated that he or someone living at the same residence had received a total of only $1,600.00 in the past twelve months. (1/26/12 IFP Par. 3). The reporting difference of almost $8,000 cannot be accounted for, given that Burton signed the *in forma pauperis* application forms within a few weeks of one another. Further, Burton filed another *in forma pauperis* application form on February 9, 2012, and on that form, Burton also represented that he or someone living at the same residence had received a total of only $1,600.00 in the past twelve months. (2/9/12 IFP Par. 3). Since Burton has provided inaccurate information to the court in connection with his motion for an extension of time and in his most recently submitted *in forma pauperis* application form, the court denies the motion for an extension of time and denies all pending motions for leave to proceed *in forma pauperis*. *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547-48 (7th Cir. 1998)(finding that a "district court did not abuse its discretion in dismissing the complaint with prejudice for filing an application to proceed *in forma pauperis* with intentional misrepresentations as to [plaintiff's] true financial status").